UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| DAVID RUSSELL, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. |
| | ) 3:20-cv-00172 |
| UNIVERSITY OF NORTH CAROLINA AT CHARLOTTE, | ) Jury Trial Demanded |
| Defendant. | ) |

## COMPLAINT

Comes now the Plaintiff, by and through the counsel, and complaining of the Defendant, alleges as follows:

## NATURE OF COMPLAINT

1. This is an action seeking damages against Defendant for violation of Plaintiff's rights protected by Title VII of the Civil Rights Act of 1964, 42 USC §2000e et. seq.

## PARTIES, JURISDICTION, AND VENUE

2. Plaintiff, David Russell, is a citizen and resident of Charlotte, Mecklenburg County, North Carolina.

3. Defendant, University of North Carolina at Charlotte, is a State Agency and may be served through its Designated Agent, James S. Humphrey IV, at the Office of Legal Affairs, 9201 University City Blvd., Cato 353, Charlotte, North Carolina 28223-0001.

4. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as there are issues of Federal Law.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(c) as Defendant is subject to the personal jurisdiction of this Court, and because the acts giving rise to this action occurred in this District.

**ALLEGATIONS**

6. Plaintiff, David Russell (hereinafter "Russell" or "Plaintiff"), has been employed by Defendant, University of North Carolina at Charlotte (hereinafter "UNCC" or "Defendant"), since June 2009 as the Anne Reynolds Belk Distinguished Professor of Music within the UNCC Music Department. Russell is qualified for the position of Anne Reynolds Belk Distinguished Professor of Music through his extensive education, experience, and training.

7. Defendant was an "employer" at all times relevant to this Complaint, as defined by 42 U.S.C. 2000e(b).

8. In 2017, Russell reported sexual harassment by, and participated in an investigation against, the then Chair of the Music Department, Dr. Jay Grymes ("Grymes"). Grymes had engaged in a series of sexually inappropriate comments and touching, including for example kissing an African-American faculty member and saying he "Tastes like chocolate." Russell's report, along with the complaints of other employees, ultimately led to the removal of Grymes from his position in 2018. Grymes became aware of Russell's role in both reporting his sexual harassment and the subsequent investigation.

9. As part of his report of sexual harassment, Russell alleged that the Dean was aware of Grymes' behavior and helped to "cover it up."

2

10.     Following Gryme's removal from his position, Russell was required to meet with the Provost to discuss Russell's report of sexual harassment and the behaviors that Grymes had engaged in. The Dean was a part of this meeting as well, even though Russell had named him as playing a role in allowing Grymes' harassment by allowing it to continue and helping to cover it up.

11.     Although he had been removed as department chair, Grymes remained employed by the Defendant in the same department as Russell. Moreover, Grymes was assigned to serve as Co-Chair of a committee that evaluates Russell's work, including input into his tenure and promotional opportunities.

12.     Since his complaint and participation into the investigation of Grymes sexual harassment, Russell has experienced an ongoing pattern of retaliatory behaviors against him.

13.     For example, and perhaps most troubling, in his 5-year Post-Tenured Faculty Review in Spring 2019, Russell was found unanimously to "meet expectations" and the rating was upheld by the Interim Chair of the Department of Music. However, Defendant overturned the decision and found that Russell "does not meet expectations." Defendant then issued Russell a letter of reprimand, to be maintained in his personnel file, and required Russell to create and submit "Remedial Plans." Defendant threatened Russell informing him if "Progress in Remediation is not observed, the university will begin proceedings to have Professor Russell removed as the Anne R. Belk Distinguished Professor of Music at UNC Charlotte."

14.     The process of Russell's evaluation was far outside the normal process used by Defendant in conducting evaluations. Further, the person who was the driving factor behind Defendant's action to overturn the unanimous "meets expectations" Lee E. Gray, Interim Dean, holds no expertise in the music field, and is instead in the field of architecture. Gray based his

evaluation of Russell on the written remarks of Grymes, which were issued during the period of time in which Russell had filed complaints against him. Upon information and belief, Gray did not review Russell's filed rebuttals to the remarks or the written evaluations of his performance by students.

15. Defendant claimed that it overturned Russell's evaluation based on the job description for Russell's position. However, the job description Defendant used was not the actual job description for Russell's position. Russell is in possession of his actual job description which was nationally published by UNCC as the job description for the position of Anne Reynolds Belk Distinguished Professor of Music under which Russell was hired. Russell does not know, nor did Defendant explain, where the second previously unknown job description originated. Russell had never seen the second description until Defendant produced it as part of its explanation for overturning the finding of "meets expectations."

16. Defendant has engaged in other acts of retaliation including alleging that Russell failed to properly perform his job duties. As one example, Defendant alleged that part of Russell's position entailed bringing in "external grants" and that his failure to do so could result in his removal, i.e. the termination of his employment. However, the published job description under which Russell was hired does not list bringing in external grants are a requirement to do so, and Russell has never been evaluated for this "requirement" in his 10 years of employment with Defendant.

17. After repeated threats against his job, on or about September 10, 2019, Russell filed a charge of Retaliation against Defendant with the United States Equal Employment Opportunity Commission ("EEOC"). (A copy of that charge, with personal information redacted, is attached hereto as Exhibit A.)

4

18. Russell was issued a Notice of Right to Sue with a mailing date of December 20, 2019 which was received on December 23, 2019. (A copy of that Notice, with personal information redacted is attached hereto as Exhibit B.)

19. This action is filed within ninety (90) days of Russell's receipt of the Notice of Right to Sue from the EEOC.

**CLAIM FOR RELIEF**
**(Title VII Retaliation under 42 U.S.C. § 2000e et. seq.)**

20. Plaintiff incorporates by reference the allegations of paragraphs 1 through 16 of this Complaint.

21. Plaintiff complained to Defendant about the unlawful sexual harassment and participated in an investigation into the same. Plaintiff's complaint to Defendant constitutes legally protected activity under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et. seq.

22. Defendant's pattern of threatening and negative employment actions towards Plaintiff was due to his legally protected activity and was unlawful retaliation, and any of Defendant's reasons for Plaintiff's treatment are pretext to cover for unlawful retaliation.

23. Defendant's retaliation against Plaintiff for engaging in legally protected activities violated Plaintiff's rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et. seq.

24. Defendant's treatment towards Plaintiff in violation of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et. seq. caused Plaintiff injuries including but not limited to pecuniary damages, and emotional distress, mental pain, suffering, stress, grief, worry and mental anguish.

25. Therefore, Plaintiff sues Defendant for unlawful retaliation in violation of Title VII, 42 U.S.C. § 2000e, et seq.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that:

A. The Court enter a judgment in favor of Plaintiff and against Defendant to include compensation for pecuniary damages including, as appropriate lost wages, lost benefits, and other economic losses that were proximately caused by the unlawful actions referenced herein.

B. The Court enter an award in favor of Plaintiff and against Defendant for great emotional distress, mental pain, suffering, stress, grief, worry, and mental anguish caused by Defendant's actions as alleged herein.

C. The Court enter an award in favor of Plaintiff and against Defendant for reasonable expenses and costs, including attorneys' fees.

D. This matter be tried by a jury.

E. The judgment bear interest at the legal rate from the date of filing this action until paid.

F. Defendant be taxed with the costs of this action; and

G. The Court order such other and further relief as it may deem just and proper.

Respectfully submitted, this the 19th day of March, 2020.

By: **/s/ KIRK J. ANGEL**
Kirk J. Angel NCSB#: 33559
THE ANGEL LAW FIRM, PLLC
1036 Branchview Drive NE, Ste. 102
Concord NC 28025
PO Box 1296 (28026)
Telephone: 704.706.9292
Facsimile: 704.973.7859
E-mail: kirk@mailalf.com
Attorney for the Plaintiff